UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MOTHER'S RESTAURANT, L.L.C., ET AL.** | * * * | **CIVIL ACTION** |
| **VERSUS** | * * | **NO. 07-6267** |
| **UNITED STATES FIRE AND CASUALTY COMPANY** | * * | **SECTION "L"(2)** |

### ORDER & REASONS

Before the Court is Plaintiffs' Partial Motion for Summary Judgment (Rec. Doc. No. 7). For the following reasons, the motion is DENIED.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' restaurant located at 401 Poydras Street in New Orleans, Louisiana, which suffered damages as a result of Hurricane Katrina. The Defendant in this case is United States Fire & Casualty Company ("USFCG"), who was the Plaintiffs' insurer.

In August, 2006, the Plaintiffs' filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiffs allege that they are entitled to payments from the Defendant for damage to the property and loss of income, as well as bad-faith penalties under Louisiana law. On September 28, 2007, the Defendant removed this case to federal court arguing that this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity existed among the parties and the amount-in-controversy exceeds $75,000.

The Plaintiffs filed the instant motion for Partial Summary Judgment on March 25, 2008 (Rec. Doc. No. 7). Pursuant to this motion, the Plaintiffs seek summary judgment on

whether they are owed amounts under the insurance policy for building property losses, business personal property losses, extra expense losses, business income losses, and extended business income losses. The Plaintiffs argue that after Hurricane Katrina, the Defendant's independent adjuster determined the amounts and coverage owed by the Defendant under the policy, and the Defendant has refused to tender the full amounts calculated by its adjuster.

The Defendant opposes the motion. The Defendant argues that the Plaintiffs' motion is premature because only limited discovery has taken place. After the Plaintiffs filed this motion, the Defendant received the Plaintiffs' responses to the Defendant's request for production of documents. With respect to each type of coverage, the Plaintiffs responded to the Defendant stating that the Plaintiffs had not yet completed their investigation and, therefore, have not completed their search for documents. The Defendant also argues that, assuming the motion is not premature, there are genuine issues of material facts that preclude summary judgment.

## II.   LAW & ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issues as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal SYS., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. O.C. Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

### A. Whether the Plaintiffs' Motion is Premature

The Defendant argues that the Plaintiffs' motion for summary judgment is premature in that the Plaintiffs have admitted in their objections to Defendant's requests for production that the Plaintiffs have not yet completed their investigation of the fact and, therefore, have not completed their search for documents. As discussed below, the Defendant has provided sufficient summary judgment evidence to preclude the Plaintiffs' motion.

### B. Building Property Coverage

With respect to building property coverage, the Plaintiffs argue that the Defendant's adjuster stated in his report that the building sustained wind and water damage and did not sustain flood damage. Eight months after the adjuster's report, the Defendant issued a check to the Plaintiffs in the amount of $63,743.62 for building damage. Subsequent to receiving the check, the Plaintiffs allege they submitted additional invoices and a spreadsheet that listed the claims in September, 2006. Plaintiffs allege that they are owed an additional $41,610.54 for building damage.

The Defendant argues that the amount that the Plaintiffs claim is still owed is in dispute and therefore, summary judgment is not proper. The Defendant has provided the report of their adjusted that lists the items of dispute for the building damage: roof repair in the amount of $18,960; flooring repair in the amount of $1,275; a walk-in cooler in the amount of $1,186; and refrigerators and freezers in the amount of $18,116.58. The Defendant also argues that while the Plaintiffs claim they are owed an additional $18,960 for roof repairs, the Defendant believes that part of the damage preceded Hurricane Katrina and therefore is not covered under the policy. With respect to the refrigerators and freezers, the Defendant argues that this damage was caused by food spoilage and not by wind or water, and that such damage is excluded under the policy.

The Defendant has produced evidence sufficient to show a genuine issue of material fact on this issue.

### C.  Business Personal Property

The Plaintiffs argue that they sustained losses to their business personal property consisting of damage to machines, supplies, miscellaneous equipment, and food inventory. Despite the fact that the Defendant has tendered $21,794.13, the Plaintiffs argue that they are entitled to an additional $56,733.04.  The Defendant argues however that based on the adjuster's report there is a dispute over coverage for the Plaintiffs' claims in that such claims are not covered by the policy.  Specifically, the Defendant argues that the policy contains an exclusion for loss or damage caused by "rust, corrosion, fungus, decay, deterioration, hidden or latent defects or any quality of property that causes it to damage or destroy itself," and this exclusion covers the items of damage claimed by the Plaintiff.  The Defendant has produced evidence sufficient to show a genuine issue of material fact on this issue.

### D.  Extra Expenses and Business Income Loss

Plaintiffs argue that they are owed $26,621.20 in extra expenses and at least $44,129.63 for business income based on the Defendant adjuster's November 2005 report.  The Defendant, while having tendered an initial payment of $100,000 based on the adjuster's initial estimate, argue that they have yet to receive sufficient documentation from the Plaintiffs to calculate whether the Plaintiffs are entitled to an additional payment for these items of damages.  As noted in their adjuster's February, 2008 report, his calculations were based on the limited information that had been provided by the Plaintiffs, and the number was only "a working number only until [he] can verify actual financial statements."  The Defendant has produced evidence sufficient to show a genuine issue of material fact on this issue.

**III.     CONCLUSION**

Accordingly, the Plaintiffs' Motion for Partial Summary Judgment is DENIED.

New Orleans, Louisiana, this 27th day of May, 2008.

                                                      UNITED STATES DISTRICT JUDGE